IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-39,231-02




EX PARTE RAUL HERRERA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 61141 IN THE 243RD DISTRICT COURT
FROM EL PASO COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted murder
and sentenced to ten years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary because he was not adequately advised of
the deportation consequences of his plea. Although Applicant has previously raised this claim, he
alleges he is entitled to relief pursuant to Padilla v. Kentucky, 130 S.Ct. 1473 (2010). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary. Specifically, the trial court shall determine whether Applicant
is a United States citizen and whether he was advised of the deportation consequences of his plea. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 17, 2010
Do not publish